# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ADMIR MAGLAJLIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00150-TLS-SLC |
| | ) | |
| ADAPTIVE MICRO-WARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the parties' proposed stipulated protective order, which the Court deems to be a motion for entry of the proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 28). Because the proposed protective order is deficient in several ways, the Court will deny the motion without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). The proposed order contemplates sealed filings (DE 28 ¶ 7(g)), and as such, it requires a higher level of scrutiny.

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it defines "Confidential Materials" as:

> [D]evelopment, competitive, proprietary or commercial information, financial information, or corporate information or policies that the designating party has kept secret from their competitors and is not readily ascertainable by their competitors[,] . . . and other materials that contain information which, if disclosed outside of this action, would be oppressive or prejudicial to the producing party, or that otherwise are entitled to protection under Rule 26(C) of the Federal Rules of Civil Procedure or other applicable law, regulation or rule.

(DE 28 ¶ 3). Categories such as "commercial information," "confidential information," "corporate information," or the equivalent are overly broad and render a protective order invalid. *See, e.g.*, *Cincinnati Ins. Co.*, 178 F.3d at 945.

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook, Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Furthermore, the proposed order allows documents "containing" Confidential Materials to be filed entirely under seal (DE 28 ¶ 7(g)), rather than solely protecting the actual Confidential Materials through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Another problem is that paragraph 7(g) of the proposed order states that the filing of any Confidential Materials with the Court "shall be filed with the Clerk of Court only in a sealed envelope . . . ." Local Rule 5-3(c)(1) states, "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the Local Rules expressly require sealed documents to be filed electronically. The parties shall not file Confidential Materials with the Court in sealed envelopes, which would be in contravention of the Local Rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

Also, paragraphs 7(e) and 7(f) of the proposed order contemplate that the Court may limit access to the courtroom whenever Confidential Materials is introduced at a hearing, trial, or other proceeding. But at this early juncture, the Court is unwilling to suggest that it may limit access to any courtroom proceeding. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 945.

Additionally, the Seventh Circuit has made clear that a protective order must be "explicit

3

that either party and any interested member of the public can challenge the secreting of particular documents." *See Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language.

Finally, while the proposed order does not expressly state that the Court will retain jurisdiction over the protective order after the termination of this action for the purpose of dissolving, modifying, or enforcing the protective order (*see* DE 18 Ex. A ¶ 9), the Court nevertheless wants to be clear that it is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES the parties' motion for entry of the proposed stipulated protective order (DE 28) without prejudice. The parties may submit a motion and a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 7th day of March 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge
