## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| ADMIR MAGLAJLIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO: 1:18-cv-00150-HAB |
| vs. | ) | |
| | ) | |
| ADAPTIVE MICRO-WARE, INC., | ) | |
| ROBERT J. KNISKERN, | ) | |
| BARBARA S. KNISKERN, and | ) | |
| THOMAS D. SKILLICORN | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION IN SUPPORT OF FLSA SETTLEMENT

James J. O'Connor, Jr., Esq., being duly admitted to practice law before the Courts of the State of Indiana declares under penalty of perjury, as follows:

1.      James J. O'Connor is associated with the firm Barrett McNagny, LLP, attorneys for Plaintiff Admir Maglajlic and submits this Declaration in support of judicial approval of the settlement reached by the parties in the above-captioned case.

2.      Plaintiff, who was an employee of Defendant, filed this lawsuit on or about May 29, 2018. Plaintiff's complaint included claims including for unpaid wages under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Indiana Minimum Wage Law, Indiana Code Title 22, Labor & Safety § 22-2-2-4 ("IMWL") and the like. The Defendant filed its answer and affirmative defenses to the Complaint on June 21, 2018.  The pleadings were subsequently amended and extensive discovery was undertaken.

3.      Counsel for the Parties reached an arms-length agreement to settle the case after discovery and mediation occurred.  Among other provisions in the attached Settlement Agreement and General Release (an executed copy of which is attached hereto as Exhibit 1), the plaintiff agrees to dismiss all of plaintiff's claims with prejudice in exchange for defendant's payment of a total sum of $125,000.00, of which $43,048.14 has been designated for plaintiff's attorney's fees and/or reimbursement of litigation costs advanced.

4.      The parties have elected to resolve the case at this stage to avoid additional cost and time involved in litigating liability and damages and to avoid the risks for both parties associated with continued litigation.

5.      The Seventh Circuit has ruled that judicial approval of FLSA settlements is necessary to prevent parties from establishing 'sub-minimum wages' resulting from employers' bargaining with employees over minimum wages and overtime compensation. *Sanders v. Connan's Paint & Body Shop*, LLC, 2015 WL 5692542, S.D., Ind., September 28, 2015; *citing Walton vs. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir., 1986); see also *Campbell vs. Advantage Sales & Mktg, LLC,* 2012 WL 1424417 (S.D., Ind., April 24, 2012). In this case, the settlement meets all criteria for judicial approval.

6.      "Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel.... and serious questions of law and fact exist such that the value of an immediate recovery outweighs there mere possibility of further relief after protracted and expensive litigation." *Campbell vs. Advantage Sales & Mktg, LLC,* 2012 WL 1424417 (S.D., Ind., April 24, 2012), *citing Burkholder vs. City of Fort Wayne*, 750 F. Supp. 2d. 990, 995 (N.D. Ind. 2010).

7.      The Court must determine the fairness of the Settlement Agreement by considering "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* The following factors are to be considered:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Id.*

8.      The risks faced by both Parties regarding the complexity and expense of the litigation coupled with the ability of the Defendants to withstand a larger judgment support the determination that this settlement is fair and reasonable and the Court should approve it.

I solemnly affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __14th__ day of August 2019        */s/ James O'Connor*_____
                                                 James J. O'Connor, Jr., Esq

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by, between and among Admir Maglajlic ("Plaintiff" or "Independent Contractor" or "Employee") and Adaptive Micro-Ware, Inc., ("Defendant" or "Employer").  The Plaintiff and Defendant are referred to herein collectively as "the Parties" to this Agreement.

## RECITALS

WHEREAS, Admir Maglajlic has asserted claims against Employer under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  ("FLSA"), the Indiana Minimum Wage Law, I.C. § 22-2-2-4 ("IMWL"), and associated claims involving unjust enrichment, fraudulent misrepresentation, and wrongfully withheld employment related benefits, under the lawsuit captioned "Admir Maglajlic vs. Adaptive Micro-Ware, Inc., Robert J. Kniskern, Barbara S. Kniskern, and Thomas D. Skillicorn," in the Northern District of Indiana bearing Case Number 1:18-CV-00150 HAB (the "Lawsuit"); and,

WHEREAS, within said Lawsuit, Plaintiff claims that during the period between January 24, 2016 – December 23, 2016 and September 23, 2017 – October 6, 2017 (a total of 49 weeks), Employee was not properly paid for all time worked and/or all overtime hours worked (hereinafter, "the Claim"); and,

WHEREAS, Employer denies liability under any of the claims asserted; and,

WHEREAS, based on the recitals above, the Parties agree that a bona fide dispute exists as to the damages suffered by Plaintiff; and,

WHEREAS, the Parties have reached a settlement amount that represents a compromise as to the amount of pay owed to Employee, and as to other issues presented in the Lawsuit; and,



EXHIBIT
1

WHEREAS, the Parties desire to make a full and final settlement of any and all of the Employee's claims, including, but not limited to, all matters pertaining to the Claim and any other claims and causes of action of any kind and character to the date of this Agreement, without any further proceedings or litigation, without any adjudication of any issue of law or fact, without any admission with respect to any issues presented, or capable of being presented, in the Claim, or otherwise, and on the following terms and conditions:

NOW THEREFORE, in exchange for the above agreements and other good and valuable consideration, the Parties hereto agree as follows:

1.    <u>Settlement</u>.   The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by the Defendant of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2.    <u>Payment to Plaintiff</u>. Employer will pay to Employee the total gross amount of One Hundred Twenty-five Thousand and 00/100 dollars ($125,000.00) ("Settlement Amount") in full and complete settlement of all claims and disputed amounts and according to the schedule outlined as follows:

a) Employer to issue payments to Plaintiff in the amount of $65,954.00 on a W2 basis;

b) Employer shall pay Employer's share of Plaintiff's Social Security contribution in the total amount of $5,045.48 (7.65% of W-2 payments).

c) Employer to issue payments to Plaintiff in the amount of $10,952.38 on a 1099 basis;

d) Employer to issue payments to Barrett McNagny LLP in the amount of $43,048.14 on a 1099 basis for attorneys fees and litigation expenses advanced related to this Lawsuit.

Payment of the amounts set forth above shall be made by the employer pursuant to an agreed upon payment schedule which is memorialized in a separate agreement between the parties.

Plaintiff and Plaintiff's Counsel are solely responsible for complying with any and all taxing obligations arising from the receipt of their respective portions of the Settlement Amount attributed to the payments referenced above. Plaintiff hereby agrees to indemnify Defendant from any and all obligations with respect to taxes that may be due for any amounts attributed to any of the payments referenced above.

3.  <u>General Release and Waiver of Rights and Claims by Plaintiff.</u> In return for the consideration described above, Plaintiff unconditionally releases and forever discharges Defendant, its agents, employees, successors and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaint and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, against Defendants, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour, or labor laws and/or regulations, or contract from the beginning of time to the date this Agreement is executed by the Parties, including but not limited to:

A.  All claims under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.;* Indiana's wage and hours statutes, the Equal Pay Act, 29 U.S.C. § 206; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; any amendments to the statutes referred to herein; sales commissions earned or accrued, whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees

relating to any such alleged violation; alleged unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; and any claims relating to procurement of customers, sub-agents, business, finder's fees, or any other asserted basis for additional remuneration or other rewards; and any other federal, state or local law relating to employee wages and hours; and,

      B.    All claims alleging breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; defamation; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity; and,

      C.    All claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application or any benefit plan; and any claims for non-vested benefits arising under ERISA; and,

      D.    All claims for payment of income and employment taxes; and,

      E.    All claims arising out of or in any way related to Plaintiff's employment with the Defendant.

      F.    All other claims asserted in the Lawsuit.

    4.    <u>Non Promotion / Unnecessary Disclosure</u>. The Parties acknowledge an FLSA compromise agreement can only be enforced after judicial review and approval. The Parties further acknowledge that such judicial review and approval may involve electronic filing on the Court's Docket Sheet, which may constitute a form of 'public record.' Absent this Agreement being filed within or being considered a part of the Court's public record, the Parties agree, except as otherwise required by law or compulsory disclosure process, to not unnecessarily disclose, promote, nor direct

any third parties to this Agreement how said third party may find this Agreement within the Court's Public Record.

Plaintiff agrees to not use for Employee's benefit or the benefit of any other person or entity, any information received in connection with Employer which is confidential or proprietary and which (i) has not been disclosed publicly by Employer, (ii) is otherwise not a matter of public knowledge, or (iii) is a matter of public knowledge but Employee knows or has reason to know that such information became a matter of public knowledge through an unauthorized disclosure.

Employee agrees to not disclose, or cause to be disclosed, or promote to any third party in any way (i) the terms of this agreement; (ii) the facts and circumstances surrounding its execution; (iii) the facts recited within, or dollar amount of the settlement; (iv) the discussions or circumstances preceding settlement; or (v) the facts and circumstances relating to any dispute or disagreement the Employee had with Employer with respect to Employee's employment, workplace, or work environment at and termination from Employer, all without limitation in time, with the exception of Employee's spouse and Employee's attorneys or accountants (whose agreement to be bound by this non-disclosure / non-promotion provision they shall secure before any such disclosure), or as otherwise required by law or for a valid business purpose.

If approached and specifically asked about the status of the Case, or the claims asserted, Employee may state "the matter has been resolved" and/or "there are no continuing disputes," or words to that effect, and nothing more regarding the terms of the Agreement may be said.

5.    <u>Non Disparagement</u>.  Employee will not criticize or disparage Employer or issue any communication, written, verbal, electronically / digitally that reflects adversely on or encourages any adverse action against Employer, including any statement or response to the press, media, or the

internet / worldwide web / in any fashion online in the form of reviews or on any social media platform.

6.      Accord and Satisfaction:  Should any proceeding be instituted by Plaintiff with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

7.      Dismissal of The Action:

A.      Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the "Lawsuit", as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' alleged improper payment of wages to the Plaintiff during his employment by the Defendant through the date this Agreement and General Release is executed by the Parties.

B.      Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.

C.      After payment to Plaintiff's counsel of the initial amount due, pursuant to the parties' agreed payment schedule, which is due on or before the fourteenth day after the Court approves this Agreement, Plaintiff, through counsel, shall execute the Declaration in Support of Settlement and file, as necessary, any Stipulation or Notice of Dismissal with Prejudice as to all

2374654_1

Defendants in the "Lawsuit" and provide a signed copy of such to Edward E. Beck, counsel for the Defendants.

   D. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation or Notice of Dismissal.

  8. <u>Claims Not Included</u>:  The Parties agree that the above paragraphs shall release the Defendants from liability to the fullest extent permitted by law and only to the extent permitted by law.  The Parties acknowledge that this Agreement does not prohibit the following rights or claims:  1) claims that arise after the date the Parties execute this Agreement; and, 2) any rights or claims whether specified above or not, that cannot be waived as a matter of law pursuant to federal, state or local statute.  If it is determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that the Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

  9. <u>Entire Agreement</u>:  The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are no relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

  10. <u>Plaintiffs' Consultation with Legal Counsel</u>:  Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement and General Release and has done so.  Plaintiff further represents that after having had a full opportunity of at least 21 days to review and consider the terms and conditions of this Agreement and General Release, and having discussed them with his counsel and having had sufficient time to review and consider this Agreement and General Release, he fully understands all of the provisions of this Agreement and General Release and has executed same freely and voluntarily.  Plaintiff further understands that after execution of

this Agreement and General Release, Plaintiff has the opportunity to revoke same within seven (7) days of execution of same. A timely revocation by the Plaintiff, revokes this Agreement and General Release and the settlement of the aforementioned action on behalf of the Plaintiff.

11.  Waiver and Modification: This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

12.  Counterparts: This Agreement and General Release may be executed in counterparts and/or by facsimile and remain entirely enforceable.

13.  Use of the Singular: Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

14.  Governing Law: This Agreement and General Release shall be subject to and governed by the laws of the State of Indiana.

15.  Severability Clause. If any term or provision of the Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder or the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of the Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to the Defendant.

[Remainder of Page Intentionally Left Blank]

2374654_1

IN WITNESS WHEREOF, Plaintiff and Defendant hereto set their hands this the __12 day of August, 2019.

_Admir Maglajlic_
Admir Maglajlic, Plaintiff

Adaptive Micro-Ware, Inc., Defendant
By:   Robert J. Kniskern, Its President

P:\WORK\EEB\ADAPTIVE\SETTLEMENT AGREEMENT AND GENERAL RELEASE=08-01-19.DOCX

2374654_1