UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADMIR MAGLAJLIC, <br><br> Plaintiff, <br><br> v. <br><br> ADAPTIVE MICRO-WARE, INC., <br> ROBERT J. KNISKERN, <br> BARBARA S. KNISKERN, and <br> THOMAS D. SKILLICORN, <br><br> Defendants. | CAUSE NO.: 1:18-CV-150-HAB |

## OPINION AND ORDER

This matter is before the Court on a Joint Notice to Dismiss with Prejudice [ECF No. 41], which seeks dismissal of this litigation and the Court's approval of the Settlement Agreement and General Release [Settlement Agreement, ECF No. 41-1] between Plaintiff Admir Maglajlic and Defendant Adaptive Micro-Ware, Inc., in this action under the Fair Labor Standards Act (FLSA) and Indiana statutes. The parties' submission includes a Declaration in Support of FLSA Settlement [ECF No. 41-1]. For the reasons stated in this Order, the Court grants the dismissal.

## ANALYSIS

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and

quotation omitted). Although this matter has not been certified as a collective action, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiff alleges that he was not properly paid for all time worked in the employment of Defendant. Rather, Defendant used a payroll practice that connected timely payment of wages to coincide with customers' satisfaction of outstanding invoices. Plaintiff alleges that he is owed forty-nine weeks of wages, and that Defendant's violation was willful. Defendant denied the allegations, and the case proceeded through discovery. The parties, after an arms-length negotiation, elected to resolve the case to avoid

additional cost and time involved in litigating liability and damages and to avoid the risks for both parties associated with continued litigation. As settlement of Plaintiff's claim, Defendant has agreed to pay $125,000, with $43,048.18 of this amount designated for Plaintiff's attorney fees and costs.

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable, and does not represent a mere waiver of statutory rights brought about by an employer's overreaching. Litigating this case to its conclusion on the merits would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by experienced counsel, who have engaged in discovery and mediation.

The Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement [ECF No. 41-1]. The Joint Stipulation to Dismiss with Prejudice [ECF No. 41] is GRANTED; the litigation will be dismissed with prejudice.

SO ORDERED on August 19, 2019.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT